## THE MOUNT LINCOLN COAL COMPANY v. LANE.

1. ATTACHMENT.

When the grounds of an attachment have been traversed and there is no evidence to sustain any one of them, the attachment should be dissolved.

2. EVIDENCE.

If the action be to recover the price of chattels alleged to have been sold by the plaintiff to the defendant and the defendant denies the sale and purchase, evidence that he took and retained the goods and mortgaged them is admissible to overthrow his contention.

*Appeal from the District Court of Mesa County.*

Messrs. BUCKLIN, STALEY & SAFLEY, for appellant.

Mr. W. J. THOMAS and Mr. H. T. SALE, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This suit was instituted by James V. Lane, appellee, against The Mount Lincoln Coal Company, to recover an alleged balance due upon the purchase price of a one third interest in certain coal mine improvements, consisting of buildings, coal cars, tracks, mining tools and other personal property used in working The Mount Lincoln coal mine in Mesa county, Colorado.

An attachment in aid was sued out at the time of the institution of the suit. As grounds of attachment it was alleged, in the affidavit, that the money was overdue on a contract in writing. Second, that the defendant had failed and refused to pay the price or value of certain described property, which it should have paid for at the time of the delivery thereof. The issue having been formed by a traverse of these grounds of attachment, it was tried by the court without the intervention of a jury. The trial of this issue resulted in a finding for the defendant, but the court allowed the plaintiff to amend his affidavit by inserting an additional

ground of attachment, viz. that the defendant was indebted to the plaintiff upon an overdue book account. We have examined the record carefully and find no evidence in support of this ground of attachment. There is nothing to show that the defendant was indebted to the plaintiff on an overdue book account, and there being no evidence to establish any of the grounds relied upon, the attachment should have been dissolved. It is, therefore, unnecessary to consider the effect of the amendments of 1894 to the attachment act, although the same went into effect prior to the rendition of the judgment in this cause. The effect of such amendments has not been argued and will not be determined in this proceeding.

The action is based upon an instrument in writing designated as a "quitclaim deed," but in fact it is a bill of sale, executed by James V. Lane and others to The Mount Lincoln Coal Company. This instrument was placed in escrow, with a memoranda as to the manner in which the payments were to be made. As neither of these papers were signed by The Mount Lincoln Coal Company, the company was, perhaps, not bound to pay the purchase price, but the evidence shows that the bill of sale was placed in escrow by the vendors at the instance of The Mount Lincoln Coal Company, and afterwards this company paid five hundred (500) dollars to Lane upon the purchase price according to the escrow instructions.

The evidence further shows that appellant took possession of the property described in these papers, and has retained the same from the date of the bill of sale to the time of the trial in the district court. It is further shown that its officers and agents repeatedly promised to pay the balance of the purchase price. In these circumstances, the finding of the district court, that the company was liable, cannot be disturbed. In fact, a reading of the record in this cause convinces us that the defendant is endeavoring to keep this property without paying the consideration for the same.

A number of assignments of error are based upon the

admission of testimony for plaintiff, but only one of these is of sufficient importance to require consideration. After the company had taken possession of the property described in the bill of sale, it executed a mortgage thereon to third parties. Evidence of this mortgage was properly admitted, the claim of the defendant being that it had never purchased the property in controversy. The mortgage was competent evidence to overthrow this claim. The defendant, in mortgaging this property, exercised a right only consistent with ownership; hence the evidence was material and competent to show that the defendant claimed to be the owner of the property.

For the reasons given the judgment of the district court sustaining the attachment is reversed, and the judgment on the merits affirmed.

*Judgment modified.*